1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

LAURIE A. R.,

CASE NO. 3:22-CV-5461-DWC

11

Plaintiff,

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

12

v.

13

COMMISSIONER OF SOCIAL
SECURITY,

14

Defendant.

15
16
17
18
19
20
21
22
23
24

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB"), widow's

insurance benefits ("WIB"), and supplemental security income ("SSI"). Pursuant to 28 U.S.C. §

636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to

have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

did not err at step two, in evaluating the medical opinion evidence, Plaintiff's testimony, and lay

witness testimony, and in assessing Plaintiff's residual functional capacity ("RFC").

Accordingly, the Court affirms the ALJ's decision in finding plaintiff not disabled.

FACTUAL AND PROCEDURAL HISTORY

On June 29, 2017, Plaintiff filed for DIB, alleging disability as of February 1, 2017. *See* Dkt. 14; Administrative Record ("AR") 74, 88, 101-02. The application was denied upon initial administrative review and on reconsideration. *See* AR 98, 113.

ALJ Glenn G. Meyers held a hearing on December 6, 2018 and issued a decision on February 8, 2019 finding Plaintiff not disabled. AR 14-72. On October 8, 2020, Plaintiff subsequently filed a Title II application for WIB and SSI. AR 600. On October 9, 2020, this Court reversed the ALJ's decision as to Plaintiff's DIB application and remanded for further proceedings. AR 706-15. Plaintiff's WIB and SSI applications were then consolidated with *her* DIB claim. AR 600.

ALJ Allen Erickson held a hearing on remand on January 13, 2022, and issued a decision on February 24, 2022, finding Plaintiff not disabled. AR 597-674. Plaintiff then filed a Complaint with this Court. Dkt. 8.

In Plaintiff's Opening Brief, Plaintiff contends the ALJ erred in: (1) in finding his physical and mental impairments non-severe at step two, (2) evaluating the medical opinion evidence, (3) evaluating Plaintiff's subjective symptom testimony, (4) evaluating lay witness testimony, and (5) assessing Plaintiff's RFC. Dkt. 14, p. 2.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 2

1  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

2  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

3  <u>DISCUSSION</u>

4  **I.      Whether the ALJ Erred at Step Two**

5      Plaintiff contends the ALJ erred at step two of the sequential evaluation process by

6  declining to find plaintiff's lumbar spine degenerative disc disease and degenerative joint

7  disease, sacroiliac joint degenerative joint disease, bilateral hip degenerative joint disease,

8  bipolar disorder, and depression as "severe" impairments. Dkt. 14, p. 3.

9      At step two, the ALJ determines whether the claimant "has a medically severe

10  impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.

11  1996); 20 C.F.R. § 416.920(a)(4)(ii). An impairment is "not severe" if it does not "significantly

12  limit" the ability to conduct basic work activities. 20 C.F.R. § 416.921(a). "Basic work activities

13  are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing,

14  sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290

15  (quoting 20 C.F.R. § 140.1521(b)). An impairment or combination of impairments "can be found

16  'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal

17  effect on an individual[']s ability to work.'" *Id.* (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306

18  (9th Cir. 1988) (adopting Social Security Ruling "SSR" 85-28).

19      Here, the ALJ found Plaintiff's lumbar spine degenerative disc disease and degenerative

20  joint disease, sacroiliac joint degenerative joint disease, bilateral hip degenerative joint disease

21  not "severe," because Plaintiff's medical record showed "benign" findings, Plaintiff received

22  minimal treatment for her low back and hip pain, and Plaintiff was often found to have full

23  strength. AR 604. The record shows Plaintiff was found to have, at most, mild arthritis, and

24

normal range of motion. AR 501, 546, 555, 977, 552. The record also shows plaintiff ambulated with normal gait, even without an assistive device. AR 380, 506, 528, 944, 955, 1104-05. The ALJ also noted that Plaintiff rarely reported any low back or hip pain throughout the relevant period. AR 604.  The record shows most of Plaintiff's complaints were based on her upper extremities. AR 376, 383, 385, 387, 389, 392, 498, 513, 518, 523, 943. The ALJ's assessment of the record is supported by substantial evidence, therefore the ALJ could reasonably find Plaintiff's physical impairments would not "significantly limit" her ability to perform basic work activities. *See* 20 C.F.R. § 416.921(a).

The ALJ also declined to find Plaintiff's bipolar disorder and depression as "severe" because Plaintiff's record indicated they were caused by situational stressors. AR 605. Plaintiff's treatment notes show her mental health worsened because of family and financial issues. AR 474, 513-14, 524, 527, 563, 572, 583, 595, 955, 1083. Plaintiff's treatment notes also show her symptoms improved from medication and therapy. AR 386, 465-66, 471 592-93, 943, 965. The ALJ also noted Plaintiff regularly presented with a normal mood and affect, and denied or failed to mental health issues. AR 376, 379, 385, 387-89, 392, 528, 555, 956, 933, 976-77, 1084, 1103-05. Additionally, Plaintiff's mental examinations showed her mental limitations were no more than mild. AR 470-74. Plaintiff's medical record does not indicate her mental impairments would "significantly limit" her ability to perform basic work activities, therefore the ALJ could reasonably find her bipolar disorder and depression not "severe." *See* 20 C.F.R. § 416.921(a). Accordingly, the Court finds the ALJ did not err at step two.

**II.     Whether the ALJ Properly Evaluated Medical Opinion Evidence**

Plaintiff contends the ALJ erred in evaluating the medical opinions of (1) Dr. Thompson, (2) Dr. Gaffield, and (3) the state agency medical consultants. Dkt. 14, pp. 3-11.

1    Plaintiff filed her applications after March 27, 2017. *See* AR 74, 88, 101-02. Under the

2    rules applicable to this case, ALJs must consider every medical opinion in the record and

3    evaluate each opinion's persuasiveness, with the two most important factors being

4    "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20

5    C.F.R. §§ 404.1520c(a), 419.920c(a). Supportability concerns how a medical source supports a

6    medical opinion with relevant evidence, while consistency concerns how a medical opinion is

7    consistent with other evidence from medical and nonmedical sources. *See id*.; 20 C.F.R. §§

8    404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject

9    an examining or treating doctor's opinion as unsupported or inconsistent without providing an

10    explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

11    **1.  Dr. Thompson**

12    Dr. Loreli Thompson completed a psychological diagnostic evaluation of Plaintiff in

13    August 2017 and diagnosed Plaintiff with major depressive disorder. AR 470-75. Dr. Thompson

14    opined Plaintiff's understanding is variable and her memory functions were inconsistent. AR

15    475. Dr. Thompson also opined Plaintiff's sustained concentration and persistence are

16    inconsistent, in part due to Plaintiff's report that she is "largely isolated due to depressed mood."

17    *Id*. Dr. Thompson further opined that due to Plaintiff's difficulty with concentrating and

18    persistence, her "ability to adapt to routine to changes in a typical work setting is likely to be

19    impacted by reported depressed mood, sleep problems, and medical issues." *Id*. The ALJ

20    discounted Dr. Thompson's opinion because it was inconsistent with Plaintiff's medical record.

21    AR 617-18.

22    The more consistent a medical opinion is with the evidence from other medical sources

23    and nonmedical sources in the claim, the more persuasive the medical opinion. 20 C.F.R. §

24

416.920c(c)(1). Here, the ALJ discussed throughout his decision how Plaintiff often presented with a normal mood and affect, and how Plaintiff's mental examinations regularly showed her memory and concentration were within normal limits. AR 605-06, 610, 614. The cited evidence shows Plaintiff was not in acute distress, her affect appropriate, and her memory intact. *See* AR 388, 472-73, 481, 528, 555, 568, 956, 966, 977, 1084 1103, 1105. The ALJ also found Plaintiff's mental health symptoms and sleeping problems were managed with treatment, and her symptoms were due to external stressors. *See* AR 605, 618. The record shows Plaintiff's improved from therapy, that her depression was stable under medication, and that family and financial issues contributed to her symptoms. *See* AR 386, 465-66, 471, 474, 513-14, 524, 527, 563, 572, 583, 592-93, 595, 943, 955, 96, 1083.

The ALJ also found Plaintiff engaged in "robust activities of daily living." AR 618. The record shows that in addition to managing her household and taking care of her grandchildren, Plaintiff increasingly became more socialized. AR 504 ("She does not interact with family and friends."), 513-14 (Plaintiff looking forward to a cruise with her daughter), 572 ("'I have one friend I see her about once a month, other than that just my husband and kids.'"), 592 ("she is getting out of house every day, helping others, and socializing more"). Given that Dr. Thompson's opinion was based on Plaintiff's tendency to isolate from others and her depressed mood, and the ALJ's cited evidence show Plaintiff became more social outside of her family members and her depression was managed with treatment and medication, the ALJ reasonably discounted Dr. Thompson's opinion based on its inconsistency with Plaintiff's medical record and did not err in doing so.

The ALJ also found Dr. Thompson's opinion about Plaintiff's difficulty with adjusting to work changes "speculative and outside the scope of her expertise." AR 618. A medical source's

1    specialty area is a factor in determining whether his or her medical opinion is persuasive, but not

2    the most important. *See* 20 C.F.R. § 416.920c(4). Nonetheless, because the ALJ has provided at

3    least one valid reason, supported by substantial evidence, to discount Dr. Thompson's opinion,

4    the Court finds the ALJ did not err in evaluating her opinion.

5    **2.  Dr. Gaffield**

6    Dr. Gary Gaffield completed an evaluation in September 2017 and opined Plaintiff is

7    limited to: lifting no more than 20 pounds occasionally and 10 pounds frequently due to the

8    weakness of her hands and left shoulder; performing postural activities occasionally due to her

9    restricted lumbar motion; and performing manipulative activities due to her carpal tunnel. AR

10   508. Dr. Gaffield also opined Plaintiff should avoid working at heights, operating heavy

11   equipment, navigating irregular surfaces, and climbing stairs and ladders due to her limited

12   lumbar motion and her carpal tunnel syndrome. *Id.*

13   The ALJ discounted Dr. Gaffield's opinion because of its (1) lack of supportability,[1] and

14   (2) inconsistency with Plaintiff's medical record. AR 618-19.

15   With regard to the ALJ's first reason, the more relevant the objective medical evidence

16   and supporting explanations presented by a medical source are to support his or her medical

17   opinion, the more persuasive the medical opinions will be. 20 C.F.R. § 416.920c(c)(1). Here, the

18   ALJ specifically highlighted that Dr. Gaffield's opinion was not supported by his own finding

19   that Plaintiff's grip was diminished and her sensation decreased. AR 618. The ALJ's reasoning is

20   unpersuasive because Dr. Gaffield's opinion about Plaintiff's upper extremities limitation was

21   
_____

22   [1] The ALJ described Dr. Gaffield's opinion as "not consistent with his own examination findings." AR 619. The
     Court construes this as an evaluation of the supportability of Dr. Gaffield's opinion because in discounting it, the
23   ALJ referred to the "objective medical evidence and supporting explanations presented" by Dr. Gaffield. *See* 20
     C.F.R. § 416.920c(c)(1).

24

also based on the weakness of Plaintiff's left shoulder, not solely about Plaintiff's grip and

sensation. *See* AR 506. Thus, in discounting Dr. Gaffield's opinion based on its lack of

supportability, the ALJ erred.

With regard to the ALJ's second reason, as previously stated, the more consistent a

medical opinion is with the evidence from other medical sources and nonmedical sources in the

claim, the more persuasive the medical opinion. 20 C.F.R. § 416.920c(c)(1). Evidence from

nonmedical sources include information or statement(s) directly from the claimant or forms

included in the administrative record. 20 C.F.R. § 416.913(a)(4). Here, the ALJ specifically cited

Plaintiff's carpal tunnel syndrome treatment history and Plaintiff's normal gait during treatment

visits. AR 618. The cited evidence shows Plaintiff declined recommended surgery for her hand

and continued using over-the-counter medication and wearing a wrist brace, despite ongoing

weakness. AR 513-14. The record shows Plaintiff's was found to have, at most, mild arthritis,

and normal range of motion in her lower extremities. AR 501, 546, 555, 977, 552. The record

also shows Plaintiff ambulated with a normal gait and walked assistance. AR 380, 506, 528, 551,

555, 944, 956, 1104-05, 1127, 1133. Given that Plaintiff's record indicates her carpal tunnel was

managed and observations about lower extremities show her movement was not so limited as

opined by Dr. Gaffield, the ALJ reasonably discounted Dr. Gaffield's opinion based on its

inconsistency with the objective medical evidence.

The ALJ also discounted Dr. Gaffield's opinion because Plaintiff's activities of daily

living, specifically Plaintiff's management of her household and caretaking of her grandchildren.

AR 619. But the ALJ does not explain how Plaintiff's ability to cook, clean, and perform other

household chores, and help with her grandchildren necessarily undermine Dr. Gaffield's opinion

about Plaintiff's carrying, postural, manipulative, and workplace environment limitations. Thus,

1    this was not a valid reason to discount Dr. Gaffield's opinion. But because the ALJ provided at

2    least one valid reason to do so, any erroneous reasons offered by the ALJ are deemed harmless.

3    *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an

4    erroneous reason among other reasons to discount a claimant's credibility is at most harmless

5    error where an ALJ provides other reasons that are supported by substantial evidence).

6            **3.   Dr. Schraeder, Dr. Martin, Dr. Staley, Dr. Joynson and Dr. Comrie**

7            Plaintiff also contends the ALJ erred in finding the opinions of Dr. Paul Schraeder, Dr.

8    Louis Martin, Dr. Norman Staley, Dr. Joan Joynson, and Dr. Matthew Comrie persuasive. Dkt.

9    14, p. 11. However, Plaintiff merely asserts that their opinions are "are lacking in supportability

10   and consistency, and they are therefore entitled to little weight," without providing further

11   explanation how the ALJ failed to comport with the new regulations. *Id.* Given the lack of

12   specificity in Plaintiff's argument, Plaintiff failed to demonstrate any harmful error on this issue.

13   *See Bailey v. Colvin*, 669 Fed. Appx. 839, 840 (9th Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d

14   1047, 1054 (9th Cir. 2012)) (finding no error where the claimant did not "demonstrate prejudice

15   from any errors"). The Court therefore rejects Plaintiff's conclusory argument. *See Valentine v.*

16   *Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation"

17   to find error where the claimant failed to explain how the ALJ harmfully erred); *Yi v. Berryhill*,

18   2017 WL 2634211, at *6 (W.D. Wash. June 19, 2017) (finding plaintiff failed to show the ALJ

19   should have ordered a consultative examination where plaintiff did not demonstrate the record

20   was ambiguous or inadequate).

21   ///

22   ///

23   ///

24

III.     **Whether the ALJ Erred in Evaluating Plaintiff's Subjective Symptom**

**Testimony**

Plaintiff contends the ALJ erred in evaluating her subjective symptom testimony. Dkt. 14, pp. 11-17.

Plaintiff testified she is unable to work because of the physical demands of her previous jobs and because of her depression. AR 642, 653. Plaintiff testified she experiences back, hip, and hand pain and numbness. AR 648, 657. She stated she cannot sit in a chair for 20 to 30 minutes because of her back and she cannot stand or walk for 15 to 20 minutes. AR 658. Because of her physical symptoms, Plaintiff stated she has to sit or lay down to relieve the pain for 75 percent of the time. AR 659. Plaintiff explained she rejected surgery for her hand pain because she had undergone several surgeries before and was terrified of the idea of her body "being cut up." *See* AR 649-50, 660. She also explained that she rejected injections for her shoulders because she does not trust them. AR 650. As for her mental health, Plaintiff testified she has gone to counseling and taken some medication, but did not seek out a psychiatrist because it is hard for her to establish relationship with others. AR 662.

The ALJ discounted Plaintiff's testimony because (1) Plaintiff refused treatment, (2) Plaintiff's symptoms were managed with medication, (3) Plaintiff's testimony was inconsistent with the objective medical record, (4) Plaintiff's testimony was inconsistent with Plaintiff's activities of daily living, and (5) Plaintiff provided inconsistent statements regarding her employment history. AR 612-17.

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1284 (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th

Cir. 1993)); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d 343, 346-47 (9th Cir. 1991)). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601). "The standard isn't whether [the Court] is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

With regard to the ALJ's first reason, "[a] claimant's subjective symptom testimony may be undermined by 'an unexplained, or inadequately explained, failure to . . . follow a prescribed course of treatment." *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017). Here, the ALJ discounted Plaintiff's testimony regarding the weakness in her hands and wrists because she declined the recommendations of her doctors to undergo carpal tunnel surgery. AR 615-16. The ALJ also discounted Plaintiff's testimony regarding her left shoulder pain because she declined injection therapy. AR 616.

The ALJ may not make an adverse credibility finding if the claimant offers one of the "number of good reasons" for not failing to seek treatment. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). But "a claimant's failure to assert one, or a finding by the ALJ that the proffered [sic] reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony." *See Trevizio*, 871 F.3d at 679. In this case, during the hearing, Plaintiff explained she declined carpal tunnel surgery because she had undergone several surgeries before and was terrified of the idea of her body "being cut up." *See* AR 649-50, 660. She also explained declining injection therapy because she does not trust steroid injections. AR 651. The ALJ dismissed Plaintiff's reasons, noting that despite her reluctance for these treatments, Plaintiff had foot surgery and was

1    administered foot injections during the relevant period. AR 615-16, 1142, 1163, 1170, 1173,

2    1176. The ALJ's finding is supported by the record, therefore it was reasonable for the ALJ to

3    discount Plaintiff's testimony based on her failure to follow recommended treatment.

4         The ALJ also provided other reasons to discount Plaintiff's testimony regarding her hand

5    and wrist weakness and shoulder pain, but because the ALJ has provided at least one valid

6    reason, supported by substantial evidence, in doing so, the Court need not further assess whether

7    those other reasons are erroneous. *See Carmickle,* 533 F.3d at 1162.

8         With regard to the ALJ's second reason, "[i]mpairments that can be controlled effectively

9    with medication are not disabling for the purpose of determining eligibility for [social security

10   disability] benefits." *See Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001,

11   1006 (9th Cir. 2006). Here, the record shows Plaintiff's mental health symptoms were managed

12   with medication and improved from therapy. AR 386, 465-66, 471 592-93, 943, 965. The record

13   also indicated they were worsened by external stressors, including family and financial issues.

14   *See* AR 474, 513-14, 524, 527, 563, 572, 583, 595, 955, 1083. The ALJ's finding is supported by

15   the record, therefore the ALJ did not err in discounting Plaintiff's mental health symptoms.

16        With regard to the ALJ's third reason, "[w]hen objective medical evidence in the record

17   is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as

18   undercutting such testimony." *Smartt*, 53 F.4th at 498. Plaintiff correctly points out the ALJ

19   cannot reject her testimony solely based on a lack of objective medical evidence supporting the

20   alleged severity of her symptoms, but the ALJ's reasoning here was based on the fact that

21   Plaintiff reported no back pain at all for a great part of the relevant period, as well as Plaintiff's

22   explicit denial of back pain. *See* AR 376, 382, 385, 387, 389, 392, 498, 513, 518, 943, 1083,

23   1102, 1129. The ALJ also discounted Plaintiff's testimony regarding her standing and walking

24

difficulties because the record shows she consistency ambulated with a normal gait without an

assistive device and walked without restrictions. AR 380, 506, 528, 551, 555, 944, 956, 1104-05,

1127, 1133.

In alleging error with the evaluation of her testimony, Plaintiff points to a summary of the

medical evidence and argues that they show she "is more limited than she was found to be by the

ALJ." Dkt. 14, p. 11. "An ALJ is not "required to believe every allegation of disabling pain" or

other non-exertional impairment." *Orn*, 495 F.3d at 635. And "[w]here evidence is susceptible to

more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v.

Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The ALJ's rationale here for discounting Plaintiff's

testimony based on its inconsistency with the medical evidence were "clear enough that it has the

power to convince" this Court, therefore the Court finds the ALJ did not err. *See Smartt*, 53 F.4th

at 499.

With regard to the ALJ's fourth reason, "[a]n ALJ may also consider whether the

claimant engages in daily activities inconsistent with the alleged symptoms." *Smartt*, 53 F.4th at

499 (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007)). Here, the ALJ identified

Plaintiff's ability to perform her household chores and take care of her grandchildren. AR 613-

15, 469, 503-04, 246-66, 273-74, 581, 465, 503, 1191. These activities were reasonable bases for

the ALJ to discount Plaintiff's testimony about the severity of her walking and standing

difficulties. *See Smartt*, 53 F.4th at 500 (finding the ALJ made a "reasonable determination"

discounting claimant's testimony based on claimant's ability to perform household chores and

care for her daughter, even in short increments). The ALJ also pointed to Plaintiff's reports of

recreational activities, including hiking, fishing, camping, walking, and running. AR 343, 379,

473-74. Plaintiff's ability to engage in these activities were also reasonable bases for the ALJ to

1    discount Plaintiff's testimony, as they are inconsistent with her statement that her pain requires

2    her to lay on her back most of the time.  Thus, in discounting Plaintiff's testimony based on her

3    activities of daily living, the ALJ did not err.

4         With regard to the ALJ's fifth reason, an ALJ may consider inconsistencies within a

5    claimant's testimony in weighing the claimant's credibility. *Orn*, 495 F.3d at 636. Here, the ALJ

6    found Plaintiff provided different statements regarding her inability to work. AR 613. The ALJ

7    pointed out that during an examination in 2017, Plaintiff alleged she is not able to work because

8    she found filling out forms difficult, but a month later, she also alleged she stopped working as a

9    caregiver because her client no longer needed her services. AR 471, 503. The ALJ also pointed

10   out that these contrasted with Plaintiff's testimony during the hearing that it was due to her back

11   problems that she is unable to work. AR 642. Given the different explanations provided by

12   Plaintiff regarding her inability to work, the ALJ's finding is supported by the record and thus

13   did not err in discounting Plaintiff's testimony based on its internal inconsistencies.

14        In sum, the ALJ has provided at least one reason, supported by substantial evidence, in

15   discounting Plaintiff's testimony regarding her physical and mental health symptoms. Thus, the

16   Court need not assess whether other reasons provided by the ALJ are erroneous because they

17   would be deemed harmless. *See Carmickle,* 533 F.3d at 1162.

18   **IV.    Whether the ALJ Erred in Evaluating Lay Witness Evidence**

19        Plaintiff contends the ALJ erred in evaluating the statement provided by Plaintiff's now-

20   deceased husband and argues the ALJ is "required to base [Plaintiff's] residual functional

21   capacity assessment on all of the evidence *including* lay evidence." Dkt. 14, p. 17. The ALJ did

22   consider the statement, yet Plaintiff assigns no specific error to any of the reasons the ALJ

23   provided in discounting it. *See* AR 621. As stated previously, Plaintiff must demonstrate how the

24

1   ALJ harmfully erred. *See Bailey*, 669 Fed. Appx. at 840 (citing *Ludwig*, 681 F.3d at 1054

2   (finding no error where the claimant did not "demonstrate prejudice from any errors")). Plaintiff

3   has failed to do so here by making a conclusory argument, therefore the Court rejects Plaintiff's

4   argument. *See Valentine*, 574 F.3d at 692, n. 2; *Yi v. Berryhill*, 2017 WL 2634211, at *6 (W.D.

5   Wash. June 19, 2017) (finding plaintiff failed to show the ALJ should have ordered a

6   consultative examination where plaintiff did not demonstrate the record was ambiguous or

7   inadequate).

8       **V.       Whether the ALJ Erred in Assessing Plaintiff's RFC**

9           Finally, Plaintiff contends the ALJ erred in assessing her RFC because it failed to include

10  the limitations as opined by the medical sources, as testified to by Plaintiff, and as described by

11  lay witness evidence. Dkt. 14, p. 18. But the Court has found that the ALJ sufficiently evaluated

12  the medical opinion evidence, provided valid reasons in discounting Plaintiff's testimony, and

13  Plaintiff failed to sufficiently allege any error with the ALJ's evaluation of lay witness

14  testimony. Accordingly, the Court finds the ALJ did not err with the RFC assessment. *See*

15  *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's RFC assessment

16  only needs to incorporate credible limitations supported by substantial evidence in the record).

17                                  <u>CONCLUSION</u>

18          Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded

19  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed.

20          Dated this 1st day of March, 2023.

21

22

            David W. Christel
23          Chief United States Magistrate Judge

24